UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E*HEALTHLINE.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PHARMANIAGA BERHAD and MODERN INDUSTRIAL INVESTMENT HOLDING GROUP COMPANY LIMITED,<br><br>Defendants. | No. 2:18-cv-01069-MCE-EFB<br><br>**ORDER** |

In this case, Plaintiff E*Healthline.com, Inc., ("EHL") pursues causes of action against Defendants Pharmaniaga Berhad ("Pharmaniaga") and Modern Industrial Investment Holding Group Company Limited ("Modern") (collectively "Defendants") under state and federal law stemming from Defendants' alleged misappropriation of trade secrets and confidential information arising out of the parties' collaboration for a potential joint venture to develop a pharmaceutical facility in Saudi Arabia. The Court previously granted a Motion to Dismiss filed by Pharmaniaga finding a lack of personal jurisdiction, and EHL then filed a First Amended Complaint. Presently before the Court is Pharmaniaga's subsequent Motion to Dismiss (ECF No. 46), which EHL timely opposed. Because EHL still has not shown that Pharmaniaga is subject to this Court's

1

jurisdiction, Pharmaniaga's Motion is again GRANTED with final leave to amend.

This Court previously determined that Pharmaniaga was not subject to either the specific or general personal jurisdiction of this Court. In the FAC, EHL adds no material allegations changing the Court's prior conclusion, and that decision (ECF No. 38) is incorporated by reference herein in its entirety. While EHL in the FAC appears to attempt to bolster its argument for general jurisdiction, which it never pursued during the last round of briefing, it again ignores those allegations in its current opposition. Instead, EHL again focuses entirely on specific jurisdiction, but has only added allegations: (1) going to Pharmaniaga's contacts with other United States companies both within and outside of California; and (2) attempting to quantify the correspondence between Pharmaniaga and EHL during the time they explored a joint venture.[1] None of these allegations are sufficient to change the Court's prior analysis.

Nor does EHL's attempt to rely on Federal Rule of Civil Procedure 4(k) carry the day. Rule 4(k)(2) provides:

> **Federal Claim Outside State-Court Jurisdiction.** For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
>
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

But EHL hasn't added any nationwide contacts that bolster its argument for specific jurisdiction, and the nationwide contacts it does include in the FAC are incapable of establishing general jurisdiction. See Axiom Foods, Inc. v. Acerchem International, Inc., 874 F.3d 1064, 1072 (9th Cir. 2017) ("The due process analysis under Rule 4(k)(2) is

---

[1] The Court is cognizant that EHL has tried to put additional allegations before the Court by way of the declaration of its counsel, Charles H. Camp, ECF No. 56-1,2 and 57. That evidence is wholly improper as it consists almost entirely of counsel's sworn statements regarding facts over which he has not demonstrated he has any personal knowledge and/or facts for which he has not laid a proper foundation. Given the fundamental flaws that permeate the declaration, the Court declines to address each specific objection and instead it is STRICKEN in its entirety and will be disregarded.

nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between [the defendant] and the forum state, we consider contacts with the nation as a whole.") (internal citations and quotation marks omitted).  In fact, as indicated above, EHL doesn't even attempt to argue in its opposition that general jurisdiction might be found, and the nationwide contacts now included have nothing to do with EHL's claims against Pharmaniaga.

Accordingly, Pharmaniaga's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 46) is GRANTED with final leave to amend. [2]  Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint.  If no amended complaint is filed, the causes of action dismissed by virtue of this Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: February 14, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] Because oral arguments would not have been of material assistance, the Court ordered this matter submitted on the briefs.  See E.D. Cal. Local R. 230(g).